# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**DOUGLAS A. MORIN,**

    Petitioner,

vs.                                      Case No. 4:22cv242-AW-MAF

**STATE OF FLORIDA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION

    This case was initiated in this Court by Douglas A. Morin on July 7, 2020, by filing a document entitled "notice of removal." ECF No. 1. Mr. Morin is currently incarcerated in the Leon County Detention Facility. He indicates he seeks to "remove from the State of Florida the criminal pursuit of the one Douglas A. Morin." *Id.* at 1. Mr. Morin identifies three felony cases he seeks to remove.

    First, a party cannot seek to remove criminal cases brought against him by the State of Florida. Based on the case numbers provided - 2020-CF-01348, 2021-CF-00021, and 2020-CF-00251, it appears that Mr. Morin

seeks to remove those cases from state court. Judicial notice is taken that one of the cases listed - 2020-CF-0251 - is from the Second Judicial Circuit Court, in and for Franklin County, Florida. ECF No. 1 at 1, 21, 26-28, 38-49. However, the removal statute provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Thus, only a civil action may be removed from state court to federal court. This notice of removal is not proper.

Moreover, judicial notice is taken that case number 2020-CF-0251 is no longer pending. Mr. Morin was convicted on all four counts charged and was adjudicated guilty on September 2, 2021. *See* https://www.civitekflorida.com/ocrs/app/partyCaseSummary.xhtml. It is not possible to remove a case that has ended.[1]

The other two cases Mr. Morin identifies are: 2020-CF-01348, 2021-CF-00021. Judicial notice is taken that those cases are still pending in the

---

[1] The conclusion of that case was noted in a prior Report and Recommendation entered in a case Mr. Morin filed in this Court last year. ECF No. 18 of case number 4:21cv335-AW-MAF.

Circuit Court in and for Leon County, Florida.  *See* https://cvweb.leonclerk.com/public/online_services/search_courts/process.asp.  Nevertheless, because only a civil case may be removed to federal court, the notice of removal is improper.

In light thereof, this case should be dismissed as frivolous, notwithstanding the fact that Mr. Morin has neither paid the filing fee nor submitted a properly completed in forma pauperis motion.  There is no reason to delay the inevitable or mislead Mr. Morin to believe that he can prevent the State from pursuing the pending criminal charges against him.  Because the case he seeks to remove is not removable pursuant to 28 U.S.C. § 1441, this case must be dismissed.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** because the "notice of removal" fails to comply with the removal statutes and this case is not a removable action.

**IN CHAMBERS** at Tallahassee, Florida, on July 8, 2022.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.